UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHEM LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.  20-cv-03591-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

　　Pending before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC").[1]  Dkt. No. 18.  For the following reasons, the motion to dismiss is **GRANTED** without leave to amend.

**I.　BACKGROUND**

　　Plaintiff Patricia White filed her first amended complaint in this Employee Retirement Income Security Act of 1974 ("ERISA") action on July 24, 2020 against Defendant Anthem Life Insurance Company.  Dkt. No. 12.  Plaintiff was a plan participant and a covered beneficiary under her employer's welfare plan, which was governed by ERISA and issued by Defendant (the "Plan").  FAC ¶¶ 1,7.  On October 11, 2012, in a written letter to Plaintiff, Defendant approved her long-term disability benefits.  FAC ¶ 8.  On April 2, 2014, Defendant ceased payments of Plaintiff's disability insurance under the Plan.  FAC ¶ 18.  By letter dated October 1, 2014, Defendant denied Plaintiff's request for continued disability benefits.  FAC ¶ 27.  The letter detailed the procedure Plaintiff had to follow if she wished to appeal Defendant's decision, including the requirement that an appeal must be made within 180 days of receipt of the denial

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).

letter. *White v. Anthem Life Ins. Co.*, 18-CV-019141-HSG, 2019 WL 4194338, at *2 (N.D. Cal. Sept. 4, 2019) ("*White I*"). In 2018, Plaintiff brought a claim before the Court seeking review of Defendant's denial of her continuing long-term disability benefits. *Id*.

On September 4, 2019, the Court found that Plaintiff failed to exhaust her administrative remedies before seeking judicial review and granted Defendant's motion for summary judgment on this basis. *Id.* at 4-5. Plaintiff appealed the Court's summary judgment order to the Ninth Circuit. FAC ¶ 32. Before the Ninth Circuit issued a decision, Plaintiff sent a letter to Defendant on February 20, 2020 requesting that Defendant review its termination of her benefits. FAC ¶ 33. Defendant replied to this letter on March 18, 2020, stating that Plaintiff is not eligible for an appeal, her request for continued disability benefits beyond April 2, 2014 is denied, and her file remains closed. FAC ¶ 34. Plaintiff then filed this action on May 29, 2020. FAC ¶ 35. On October 21, 2020, the Ninth Circuit affirmed this Court's grant of summary judgment in favor of Defendant. *White v. Anthem Life Ins. Co*., No. 19-16954 (9th Cir. Oct. 19, 2020) ("Appellate Decision").

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not

"accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's FAC, contending that the facts as alleged establish that Plaintiff failed to timely exhaust her administrative remedies. Dkt. No. 18 at 20. Plaintiff argues that the Court should deny the motion to dismiss because her February 2020 letter served to effectively appeal Defendant's denial of benefits and thus exhausted her administrative remedies. Dkt. No. 25 at 6. The Court agrees with Defendant that Plaintiff failed to file a timely appeal with Defendant, notwithstanding her February 2020 request. Because the Court finds this threshold issue dispositive, the Court need not address the other arguments included in Defendant's motion to dismiss.

It is well settled that an ERISA plaintiff "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *White I* at *3; *see Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quotations and citations omitted). Under ERISA, an employee benefit plan must "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1).

The Court previously found, and the Ninth Circuit affirmed, that (1) "the Plan requires exhaustion as a mandatory prerequisite to bringing suit"; and (2) "to obtain 'reconsideration' of a denied claim, a [Plan] participant must appeal any adverse determination 'no more than 180 days after" receiving notice of Anthem's decision.'" *White I* at *3. Defendant's October 2014 letter to Plaintiff "provided adequate notice that her claim had been denied such that it triggered the 180-day administrative appeal deadline." Appellate Decision at *5. Therefore, Plaintiff had 180 days to file a timely administrative appeal, but she failed to do so. *White I* at *4 (explaining that as of March 29, 2018, more than 3 years after the adverse determination, "the undisputed record shows that Ms. White did not file an appeal after Anthem's decision on October 1, 2014, meaning that she failed to exhaust her administrative remedies.").

3

On February 20, 2020—after the Court granted Defendant's motion for summary judgement and while the appeal to the Ninth Circuit was pending—Plaintiff made a written request to Defendant asking Defendant to review its termination of her benefits. FAC ¶ 33. Plaintiff is of the position that the February 2020 letter constitutes an "unambiguous and consolidated" appeal that fulfills the administrative exhaustion requirement. Dkt. No. 25 at 4. But Plaintiff's February 2020 letter clearly falls outside of the 180-day administrative appeal window that this Court has already found to be applicable and therefore does not cure her failure to exhaust administrative remedies.

Plaintiff argues, based on a colloquy during the summary judgment hearing, that the Court "deferred consideration of whether plaintiff was barred from [exhausting her administrative remedies] by a 180-day appeal clause in the defendant's plan." Dkt. No. 25 at 3. But Plaintiff's interpretation of the Court's hearing questions is inconsistent with the Court's written order on summary judgment and the Ninth Circuit's affirmance, both of which found that the 180-day administrative appeal deadline was triggered. *White I* at *3-5; Appellate Decision at *5. Therefore, Plaintiff failed to timely exhaust her administrative remedies, and dismissal is appropriate. Because the pleading cannot be cured by the allegation of other facts, the Court does not grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss Plaintiff's first amended complaint without leave to amend. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: 2/2/2021

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge